BLACKMER v MONTCALM COUNTY BOARD OF
COMMISSIONERS

Docket No. 91707. Submitted January 6, 1987, at Grand Rapids.
Decided May 18, 1987.

Richard Blackmer brought an action in the Montcalm Circuit
Court against the Montcalm County Board of Commissioners,
alleging negligence and abuse of process after defendant re-
fused to permit plaintiff to demolish a common wall which had
been shared by buildings owned by the parties. Plaintiff's
building had been completely destroyed by fire. A separate fire
had damaged the interior of defendant's building, but left the
building structurally sound. The court, Terrence R. Thomas, J.,
granted summary disposition in favor of defendant. Plaintiff
appealed.

The Court of Appeals *held:*

Easement rights in a party wall continue as long as the
necessary support exists and the wall is of some value. Ordinar-
ily, the easement ceases only when the wall no longer exists or
becomes completely unfit for its purpose. As long as the ease-
ment continues, each property owner owes the other a duty not
to threaten or destroy the support of the adjoining building. In
this case, plaintiff acknowledged that defendant had acquired
an easement of support in the party wall and that the wall
continues to provide support to defendant's building.

Affirmed.

PARTY WALLS — EASEMENTS.

Easement rights in a party wall continue as long as the necessary
support exists and the wall is of some value; ordinarily, the
easement ceases only when the wall no longer exists or be-
comes completely unfit for its purposes; as long as the easement
continues, each property owner owes the other a duty not to
threaten or destroy the support of the adjoining building.

*Dunnings & Frawley, P.C. (by Stuart J. Dun-
nings III),* for plaintiff.

REFERENCES

Am Jur 2d, Party Walls §§ 14-16.
See the annotations in the Index to Annotations under Party Walls.

Before: MacKenzie, P.J., and Weaver and J. E. Roberts,* JJ.

Per Curiam. Plaintiff, Richard Blackmer, appeals from an order of summary disposition which dismissed his claims of negligence and abuse of process. Plaintiff has conceded that there is no merit to his abuse of process claim, but asserts that he has a cognizable cause of action in negligence. Plaintiff's position is premised upon the assertion of a duty of defendant to agree to the demolition of a party wall. The trial court ruled that defendant had no such duty under the circumstances. We agree and affirm.

Plaintiff's building and defendant's building shared a common wall. In 1981, fire destroyed plaintiff's structure. A separate fire damaged the interior of defendant's building but left it structurally sound. Plaintiff obtained the services of an engineer, who found the party wall to be unsound and recommended its demolition. However, defendant refused to agree to the demolition, because the wall continued to provide some support for defendant's roof and walls. Plaintiff now claims damages resulting from the delay in rebuilding caused by defendant's refusal.

A party wall exists, regardless of an agreement between the parties, where a division wall exists between two buildings and has been used as support for both buildings for a period longer than the statute of limitations. *Weadock v Champe,* 193 Mich 553, 564-565; 160 NW 564 (1916). Easement rights in a party wall continue as long as the necessary support exists and the wall is of some value. 60 Am Jur 2d, Party Walls, § 14, pp 284-285; 69 CJS, Party Walls, § 11(b), pp 8-9. Ordinar-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ily, the easement ceases only when the wall no longer exists or becomes completely unfit for its purpose. 69 CJS, Party Walls, § 11(b), pp 8-9. As long as the easement continues, each property owner owes the other a duty not to threaten or destroy the support of the adjoining building. *G F Heublein, Inc v Second National Bank,* 115 Conn 168; 160 A 898 (1932).

Thus, weakening of the wall by fire does not necessarily deprive a person of his party wall rights. *G F Heublein, Inc v Second National Bank, supra; Beidler v King,* 209 Ill 302; 70 NE 763 (1904), 60 Am Jur 2d, Party Walls, § 15, p 286. Rather, the easement continues when the party wall continues to provide support, regardless of whether the servient tenant's building remains. *Carley v Lawrence,* 170 F2d 381, 384 (CA 7, 1948).

In the instant case, plaintiff agrees that defendant acquired an easement of support in the party wall. And, although plaintiff argues on appeal that there is a disputed factual issue regarding the party wall's continued ability to provide defendant support after the fire, before the trial court plaintiff admitted that the wall provided support to defendant's building. Plaintiff has therefore conceded the continued validity of defendant's easement. Under the circumstances, the defendant was not obligated to agree to demolition of the wall, as in fact plaintiff had a duty to refrain from destroying the wall.

The trial court correctly ruled that defendant was entitled to summary disposition.

Affirmed.